UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD BILLITER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-00663 |
| | § | |
| CENTRAL MORTGAGE COMPANY | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CENTRAL MORTGAGE COMPANY'S RESPONSE
TO PLAINTIFF'S MOTION FOR FINAL JUDGMENT, OBJECTION TO SUMMARY
JUDGMENT EVIDENCE AND MOTION TO STRIKE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant Central Mortgage Company ("Central") and files its Response to Plaintiff's Motion for Final Judgment, Objection to Summary Judgment Evidence and Motion to Strike (hereinafter the "Motion"). In support thereof would respectfully show the Court as follows:

**I.     FACTUAL BACKGROUND**

1.     Plaintiff is the owner of certain real property located at 6734 West Greens Road, Houston, Texas 77066 (the "Property") and the mortgagee under a Texas Home Equity Security Instrument encumbering that Property. The Home Equity Loan secured by the Security Instrument was taken by Lloyd Byrl Billiter, Jr. (hereinafter "Billiter") on January 25, 2011. Payments under the loan agreement have not been made. Billiter filed suit on February 11, 2014 in an effort to invalidate the home equity loan by alleging constitutional violations so that he can get a house free and clear of his financial obligation. Central answered and counter-claimed in order to secure an order authorizing foreclosure of its security interest in compliance with TEX.

CONST. ART. 16, Sec. 50(a)(6)(D). Central also filed counterclaims seeking a writ of possession, a declaration that Central's lien is first lien, and seeking an award of attorney's fees. Billiter filed his Motion on November 16, 2014 claiming Central's home equity lien is void because it violates two provisions of the Texas Constitution. Specifically, Billiter claims the lien is void because: (1.) the fees charged at closing exceeded 3% of the loan amount, and (.2) the lender did not sign an acknowledgement as to fair market value of the Property on the date of closing.

2. Plaintiff has failed to prove that there are no genuine issues of material fact. Further, Central's evidence conclusively establishes that the fees charged at closing did not exceed 3% of the loan amount, and the lender did, in fact, acknowledge fair market value of the Property. As such, Plaintiff's Motion must be denied.

## II. OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE AND MOTION TO STRIKE

3. Central objects and moves to strike Exhibit 5, the affidavit of Lloyd Billiter, Jr., as conclusory, inconsistent with the factual allegations contained in Plaintiff's Complaint, and not readily controvertible. Central further objects to the affidavit as it contains inadmissible hearsay pursuant to TEX.R.CIV.P. 801 and 802.

4. Specifically, Central objects and moves to strike paragraphs 3, 7, 8, 9, and 12 of Exhibit 5 on the basis that the statements that Billiter was given Exhibits 1, 2 and 3 at the time of closing are inconsistent and contradictory to the factual allegations contained in ¶5 of Plaintiff's Complaint. *See* Document 1, ¶5. Billiter specifically claims that he did not receive a copy of the final loan documents at the time of closing and asserts this as a separate basis for invalidating Central's lien. *Id.* Central moves to strike these statements on the basis that they contain material inconsistencies with his current pleadings.

5. Central objects and moves to strike paragraphs 6 and 8 of Exhibit 5 on the basis that the paragraphs contain inadmissible hearsay.

### III. SUMMARY OF THE ARGUMENT

***a. The fees charged at closing did not exceed 3% of the loan amount.***

6. Billiter continues to argue that the discount points he paid for and acknowledged were "points" on the HUD-1 at closing are fees, thereby causing the closing fees to exceed 3% of the loan amount. However, Plaintiff fails to provide any competent summary judgment evidence in support of his claim. Instead, as a last ditch effort to keep his wounded argument alive, he attempts to incorrectly place the burden on Central to prove that the amount he paid for "points" did, in fact, lower his interest rate.

7. While it is not Central's burden to prove Billiter's case and Billiter has improperly attempted to shift the burden to Central, Central's evidence conclusively establishes that there is no genuine issue of material fact in that the charge indicated as points on Billiter's HUD-1 were actually paid to reduce his interest rate. Specifically, Billiter executed a Discount Point Acknowledgment that specifically states that he "elected to pay discount points in the amount of $2,297.81 in this extension of credit transaction in order to obtain a lower interest rate of $4.875%."[1] That document demonstrates that the discount points are properly excluded from the 3% limit. *See Penrod v. Bank of New York Mellon,* 824 F.Supp.2d 754, 761 (S.D.Tex. 2011).

8. Central does not dispute Billiter's contention that the "appraisal fees," "credit report fee," "title services and lender's title insurance," and "government recording fee" should be subject to the 3% cap. In fact, Central concedes that the following fees, which include more than those identified by Billiter in his Motion, are subject to the 3% fees:

---

[1] *See* Exhibit A and A-1.

- Appraisal Fee: $ 410.00 (Line 804)
- Credit Report: $ 39.75 (Line 805)
- Title services and lender's title insurance: $1,739.27 (Line 1101)
    a. Settlement fee: $500 (Line 1102)
    b. Lender's title insurance: $1,155 (Line 1104)
        i. Agent's portion: $981.75 (Line 1107)
        ii. Underwriter's portion: $173.25 (Line 1108)
    c. State of Texas Policy Guaranty: $5.00 (Line 1110)
    d. Tax certificate: $79.27 (Line 1114)
- Government recording charges: $ 124.00 (Line 1201)

**TOTAL FEES CHARGED:** $2,313.02

9. Central's evidence proves that Billiter acknowledged the $2,297.81 was paid for discount points in order to obtain a lower interest rate. Accordingly, the total amount of fees charged at closing was $2,313.02, which is less than 3% of the total amount financed. Plaintiff failed to prove that there is no genuine issue of material fact with regard to his alleged claim that the loan violated the 3% rule. As such, summary judgment on Billiter's claim that the loan violated the 3% rule must be denied.

   *b. The lender acknowledged the fair market value of the homestead property on the date of closing.*

10. Billiter argues that the Acknowledgement of Fair Market Value (hereinafter "Acknowledgement") was not executed by the lender. This argument fails. At first glance, it appears that the Acknowledgement was not executed by the lender, Royal United Mortgage

LLC. However, a closer review indicates to the contrary.[2] While a handwritten signature does not appear on the Acknowledgement, the lender's name appears directly above the blank for the lender's signature, which is consistent with other closing documents in the origination documents, thereby constituting the lender's acknowledgement of fair market value.

11. Further, and more importantly, the lender clearly relied on the fair market value and extended credit to Billiter as evidenced by the HUD-1 Statement as well as the execution of the Note.[3] Central's evidence proves that both Billiter and the lender executed a written acknowledgment as to the fair market value of the Property on the date the extension of credit was made. Therefore, the loan closed in compliance with Texas Constitution Art XVI, §50(a)(6)(Q)(ix), and Plaintiff's summary judgment must be denied.

### c. *Central's counterclaim is proper.*

12. Billiter cites *Huston v. U.S. Bank Nat'l Ass'n* for the proposition that Central's counterclaim has been brought in an improper forum. *See Huston v. U.S. Bank Nat'l Ass'n*, 359, S.W.3d 679, 682 (Tex.App.—Houston [1st Dist.] 2011, no pet.). However, he completely misinterprets that case. *Huston* discusses the ability of respondents to assert counterclaims in a rule 736 foreclosure proceeding. *Id.* That case is limited to counterclaims asserted in a rule 736 proceeding. Nowhere in *Huston* does it say that Central is precluded from asserting a counterclaim for foreclosure in the instant action.[4] Plaintiff is not limited to rule 736 for purposes of obtaining a constitutionally required court order to foreclose, and Plaintiff has failed to provide any legal support for his allegation.

---

[2] *See* Document 33, Exhibit 3.
[3] *See* Document 32, Exhibits A-1 and A-7
[4] In fact, in another case the Lane Law Firm handled earlier this year, which is currently on appeal, Plaintiff's counsel argued that a counterclaim for non-judicial foreclosure is a compulsory counterclaim and moved to dismiss JPMorgan Chase Bank, N.A.'s (hereinafter "JMPC") counterclaim arguing it should have been brought in the first lawsuit that the Steptoes brought against JPMC. *See Steptoe v. JPMorgan Chase Bank, N.A.,* Cause No. 01-14-00813-CV in the First Court of Appeals, Houston, Texas.

***d. A contract exists and notice of acceleration was mailed.***

13.     Billiter argues that Central is not entitled to foreclose because it has not proven that a valid contract exists. Central, in its Amended Motion for Summary Judgment, produced all evidence necessary to prove its claim for foreclosure. Specifically, Central produced a copy of the Home Equity Note and Texas Home Security Instrument showing the terms of the Loan Agreement entered into and signed by Billiter.[5] Central attached a corporate representative affidavit averring to the default of the loan by Billiter and the mailing of the Notice of Default to Plaintiff providing an opportunity to cure.[6] Additionally, Central produced an affidavit from Becky Howell testifying to the notices of acceleration sent out by Central's counsel as a part of the foreclosure proceeding.[7] For the reasons stated above, Central's lien is valid. Central, therefore, produced more than sufficient evidence of its claim for non-judicial foreclosure and Central is entitled to an order allowing it to proceed with the foreclosure and sale of the Property.

***e. Central non-suits its claim for bad faith.***

14.     Central no longer wishes to pursue its claim for bad faith. As such, Central agrees to non-suit its bad faith counterclaim.

***f. Central is entitled to attorney's fees.***

15.     Plaintiff claims that Defendant is not entitled to an award of attorney's fees as the home equity loan is a non-recourse loan. Plaintiff misunderstands the law with regard to an award of attorney's fees in home equity foreclosure cases. "Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. *Huston v. U.S. Bank Nat. Ass'n,* CIV.A. H-12-3735, 2013 WL 7869183 (S.D. Tex. Dec. 19, 2013)(citing *In re Velazquez,* 660 F.3d 893, 895–96 (5th Cir.2011)). However, home equity

---

[5] *See* Document 32, Exhibits A, A-1 and A-2 which Central incorporates herein.
[6] *See* Document 32, Exhibits A and A-3 which Central incorporates herein.
[7] *See* Document 32, Exhibits B and B-1 which Central incorporates herein.

loans executed pursuant to Article 16, § 50(a)(6) of the Texas Constitution are non-recourse by definition and preclude contractual mortgagor liability. *Id.* (citing *In re Mullin,* 433 B.R. 1, 17 (Bankr.S.D.Tex.2010) (Bohm, J.)). But while the mortgagor is not personally liable for attorneys' fees, the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale. *Id."* As previously mentioned, paragraph 9 of the Deed of Trust allows for recovery of attorneys' fees incurred in defending its rights as a lienholder. Accordingly, Plaintiff's Motion should be denied as a matter of law.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Central requests that upon final hearing, the Court enter judgment in its favor and deny Plaintiff's Motion for Final Judgment and any and all other relief, in law and in equity, to which Plaintiff may be justly entitled.

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

By: /s/ Crystal G. Roach
    Crystal G. Roach, *Attorney-in-charge*
    State Bar No. 24027322
    15000 Surveyor Blvd., Suite 100
    Addison, TX 75001
    Telephone: 972-340-7901
    Facsimile: 972-341-734
    crystalr@bdfgroup.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I certify that a copy of Defendant's Response to Plaintiff's Motion for Judgment on the Pleadings has been served on all counsel of record and the parties below on <u>December 8</u>, 2014 through the Court's ECF filing system.

Anh Thu N. Dinh
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX 77036-3300
Attorneys for Plaintiff

                                                                             */s/ Crystal G. Roach*
                                                                              Crystal G. Roach