```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

LLOYD BILLITER, JR.,              §
                                  §
         Plaintiff,               §
                                  §
                                  §
v.                                §   CIVIL ACTION NO. H-14-663
                                  §
CENTRAL MORTGAGE COMPANY,         §
                                  §
         Defendant.               §
```

### MEMORANDUM OPINION

Pending before the court[1] is Defendant Central Mortgage Company's ("Defendant") Second Motion for Summary Judgment (Doc. 48). Plaintiff Lloyd Billiter Jr. ("Plaintiff") has not filed a response, and the submission date has passed.[2] The court has considered the motion and the applicable law. For the reasons set forth below, Defendant's motion is **GRANTED**.

### I.   Case Background

On January 25, 2011, Plaintiff obtained a home equity loan in the amount of $96,750.00.[3] On September 14, 2012, Plaintiff was sent a letter advising him that he was in default on his

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure ("Rule") 73. Docs. 10, 11.

[2] See S.D. Tex. R. 7.3, 7.4. The deadline for Plaintiff's response was May 29, 2015. To date, Plaintiff has not responded to Defendant's motion.

[3] See Doc. 48-1, Ex. A-1 to Def.'s 2nd Mot. for Summ. J., Home Equity Note.

note.[4]

Plaintiff filed a petition in Harris County District Court on February 11, 2014, alleging violations of the Texas Constitution, breach of contract, and seeking a declaratory judgment voiding the loan.[5] On March 17, 2014, Defendant removed the case to this court based on diversity jurisdiction.[6]

On May 8, 2014, Defendant filed its answer and counterclaim, alleging bad faith and seeking a declaratory judgment that it had a valid lien on Plaintiff's property, and that it was entitled to a non-judicial foreclosure, a writ of possession, and attorney's fees.[7]

Both parties filed motions for summary judgment on their respective claims.[8] On February 17, 2015, the court granted Defendant's motion with respect to Plaintiff's claims, but found that Defendant had not presented clear and unequivocal evidence that it had properly accelerated the note as required to

---

[4] See Doc. 48-5, Ex. A-3 to Def.'s 2nd Mot. for Summ. J., Notice of Default Letter.

[5] See Doc. 1-3, Ex. 3 to Def.'s Notice of Removal, Pl.'s State Court Pet.

[6] See Doc. 1, Def.'s Notice of Removal.

[7] See Doc. 15, Def.'s Answer & Countercl.

[8] See Doc. 32, Def.'s Am. Mot. for Summ. J.; Doc. 33, Pl.'s Mot. for Summ. J.

foreclose.[9]  Defendant filed a motion for reconsideration on February 27, 2015.[10]

On March 26, 2015, the court held a hearing on Defendant's motion and again found that Defendant did not have clear and unequivocal evidence of acceleration.[11]  The court advised Defendant to re-file its motion after it had properly accelerated the note.[12]

Later that day, Defendant sent Plaintiff an acceleration letter in conformity with the court's request.[13]  On May 8, 2015, Defendant filed a second motion for summary judgment for a declaratory judgment, non-judicial foreclosure, and attorneys' fees based on its corrected acceleration.[14]  To date, Plaintiff has not replied to Defendant's motion.

## II.  <u>Summary Judgment Standard</u>

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

---

[9]   See Doc. 42, Mem. Op. dated Feb. 17, 2015.

[10]  See Doc. 43, Mot. for Recons.

[11]  See Doc. 46, Min. Entry of March 26, 2015 Hr'g.

[12]  See id.

[13]  See Doc. 48-6, Ex. A-5 to Def.'s 2nd Mot. for Summ. J., Acceleration Letter dated March 26, 2015.

[14]  See Doc. 48, Def.'s 2nd Mot. for Summ. J.

Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Pustejovsky v. Pliva, Inc., 623 F.3d 271, 277 (5th Cir. 2010). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Chiu v. Plano Indep. School Dist., 260 F.3d 330, 342 (5th Cir. 2001). If the moving party can show that the facts are not in dispute, the party opposing summary judgment must go beyond the pleadings and proffer evidence demonstrating that genuine issues of material fact do exist that must be resolved at trial. See Celotex Corp., 477 U.S. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

Even when a nonmovant fails to respond to a motion for summary judgment, the movant still bears the burden of proving that no issue of material fact exists. Celotex, 477 U.S. at 323. However, the court will only resolve factual controversies in favor of the nonmoving party when a controversy actually exists; in other words, no controversy exists when factual allegations are not challenged by the nonmoving party. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (relying on Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990)). Therefore, assumptions or inferences that the nonmoving party could or would prove the necessary facts will not be made. Id.

Rule 7.3 provides that "[o]pposed motions will be submitted to the judge twenty-one days from filing without notice from the clerk and without appearance by counsel." S.D. Tex. R. 7.3

(2000).  Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. R. 7.4 (2000).

Although a court may not grant summary judgment simply because there is no opposition to the motion, the court may accept the movant's version of the facts as undisputed and grant a motion for summary judgment if the movant makes a prima facie showing of entitlement to summary judgment.  See John v. State of Louisiana (Board of Trs. for State Colls. and Univs.), 757 F.2d 698, 708 (5th Cir. 1985) (when the movant's evidence establishes its right to judgment as a matter of law, the district court is entitled to grant summary judgment).  Therefore, the court will consider Plaintiff's failure to respond to the pending motion as a representation of no opposition to the legal and factual assertions made in this motion. See id.

### III. Analysis

Defendant moves for summary judgment on its claims for a declaratory judgment, the right to non-judicial foreclosure, and attorney's fees.  Plaintiff failed to respond to Defendant's motion.

Defendant seeks non-judicial foreclosure pursuant to Article XVI, Section 50(a)(6).  In order to foreclose under a security

6

instrument in Texas, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff received notice of default and acceleration. Tex. Prop. Code § 51.002. The court found in its previous opinion that Defendant has demonstrated the first three requirements but had not proven that Plaintiff had received notice of acceleration. Defendant's second motion attaches an acceleration letter correcting this deficiency. The court therefore **GRANTS** Defendant's motion authorizing nonjudicial foreclosure of the property.

Defendant also seeks a declaratory judgment that it is entitled to recover attorneys' fees and costs. Defendant has attached an affidavit stating that its attorneys' fees are $13,910.80, and it has incurred additional expenses of $410.80, totaling $14,321.60.[15]

Under Texas contract law, a party may recover attorney's fees when such recovery is provided by statute or by contract. In re Velazquez, 660 F.3d 893, 895-96 (5th Cir. 2011). Generally, home equity loans are non-recourse and preclude contractual mortgagor liability. Tex. Const. Art. XVI § 50(a)(6)(C); Huston v. U.S. Bank Nat'l Ass'n, 988 F. Supp. 2d 732, 741 (S.D. Tex.

---

[15] See Doc. 48-6, Ex. B to Def.'s 2nd Mot. for Summ. J., Aff. of Crystal Gee Roach.

2013). However, a mortgagee may recover its attorneys' fees if permitted under the contract. Huston, 988 F. Supp. 2d at 741.

Here, the security instrument provides the lender the right to pay reasonable attorneys' fees to protect the lien and the security instrument, and states that any amounts disbursed by the lender shall become additional debt of the mortgagor and secured by the security instrument.[16] Thus, although Plaintiff does not have any duty to directly pay Defendant's attorneys' fees, Defendant is entitled to add attorneys' fees to the secured balance due under the note, and may recover such fees upon any foreclosure sale. See id. at 741-42. Because the court finds that Defendant has established its right to foreclosure, the court **GRANTS** Defendant's motion and authorizes the proceeds of any sale to be applied to the costs of sale and amounts due under the note, including attorneys' fees and costs.

## IV. Conclusion

Based on the foregoing, Defendant's Second Motion for Summary Judgment (Doc. 48) is **GRANTED**. Defendant is authorized to foreclose on the property under the Security Instrument and the Texas Property Code § 51.002, with the proceeds of such sale to be applied to the costs of sale and the amounts due and owing

---

[16] See Doc. 48-3, Ex. A-2 to Def.'s 2nd Mot. for Summ. J., Security Instrument p. 5 ¶ 9.

under the note.  Defendant is also entitled to attorneys' fees and costs.  Defendant may not seek to recover any deficiency from Plaintiff in his individual capacity.

The court will enter a separate final judgment consistent with this order.

**SIGNED** in Houston, Texas, this 18<u>th</u> day of September, 2015.

_____
U.S. MAGISTRATE JUDGE